East Tennessee, Virginia & Georgia Railroad Company *v.* Hale.

EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *v.* HALE.

(*Knoxville.*    September 28th, 1886.)

1. COMMON CARRIER.    *Failure to deliver in time.    Measure of damages.*

   Where a common carrier receives goods, and contracts to ship and deliver them at place of destination within a reasonable time, and fails to deliver *in time;* the measure of damages for such default, in an action against him by the shipper, is the depreciation in the market value of the goods at the place of destination between the date when they should have been, and when they were, in fact, delivered there. .

2. SAME.    *Same.    Same.    Proof of market value.*

   If there be, at place of destination, no market for the goods, their market value there may be ascertained, in such case, by proof of their market value at other convenient points. .

   (See Fort *v.* Sanders, 5 Heis., 481; Railroad *v.* Mason, 11 Lea, 116.)

East Tennessee, Virginia & Georgia Railroad Company *v.* Hale.

3  PLEADING AND EVIDENCE.   *Special damage not averred, not provable.*

In an action against a common carrier for failing to deliver goods within the stipulated time at D., it is error to admit, and for the Court to instruct the jury to consider, evidence tending to show loss to the shipper because of the non-arrival of the goods at M. within a reasonable time, there being no averment in the pleadings that the goods were consigned to M., or that their failure to reach M. in due time was caused by any delay in shipment by the carrier.

FROM MONROE.

Appeal in error from Circuit Court of Monroe County.   January Term, 1884.   S. A. ROGERS, J.

W. M. BAXTER, and HENDERSON & JOUROLMON, for railroad company.

CHAMBERS & PRITCHARD, and W. B. STEPHENS, for Hale.

SNODGRASS, J.   This was a suit on a contract to carry from Sweetwater, Tenn., and deliver at Dalton, Ga., a car-load of stock.

The declaration filed contained a connected statement of several causes of action, treated by the parties as four counts.

The first was that defendant so negligently and carelessly carried said stock that three mules were crippled, and greatly damaged.

The second, that defendant failed and neglected to deliver said stock in a reasonable time, whereby

plaintiff was deprived of the use of the same, and they were of much less value.

Third, that defendant agreed to deliver, in time for the market, on the —— day of January, 1881, and defendant did not deliver in time for said market, whereby the plaintiff lost the profits that he would have made had they been delivered as agreed, etc.

Fourth, that said stock was delivered to defendant to be carried to Dalton by a certain specified time, and by the carelessness and negligence of defendant said stock was not delivered within the said time, and through such negligence and carelessness of defendant great injury and damage resulted to plaintiff.

There were three pleas: Not guilty; not guilty within three years; and that the injury was the result of negligence of plaintiff.

The verdict was in favor of plaintiff for $500, judgment thereon, and defendant appealed in error.

The Commission of Referees report in favor of a reversal, upon various grounds, and exceptions filed open the whole case for our consideration and final judgment.

Upon the contract proven, and the facts of this case, it is unnecessary to notice three of the counts. There was no contract to deliver in Dalton "in time for market on the —— day of January, 1881," or "by a certain specified time," as set out in the last two counts; nor was there any evidence whatever that the three mules were

crippled between Sweetwater and Dalton, as averred in the first count; nor the *amount of damage* done by such crippling, which, it does appear, occurred at some point while their route continued. So these three counts may be regarded as out of the way and need be no further noticed.

Treating the second averment as a good cause of action defectively stated, the case stands as a suit upon a contract, in which defendant received of complainant, at Sweetwater, Tenn., agreeing to deliver at Dalton, Ga., within a reasonable time, a car-load of stock, which it negligently and carelessly failed to deliver as agreed, and during the delay occasioned by such negligence the stock depreciated, to plaintiff's damage $1,000.

The only damages recoverable under this declaration would be the difference in the market value of the stock at Dalton, Ga., when it should have been, and when it was in fact, delivered there.

In the evidence the plaintiff tried to make out a case of damages resulting to him for failure to reach, in proper time, the market at Madison, Ga., to which point the stock was consigned, and where it appeared, by some incompetent testimony admitted, he had a contract for the sale of certain mules, of a description which he thought his would fill. But it will be remembered he had made no such case in the pleadings. No reference is made to Madison, and from the declaration and pleas filed, it appears only that direct damages for failure to deliver at Dalton, and in-

East Tennessee, Virginia & Georgia Railroad Company *v.* Hale.

jury there resulting, as though that was his con-
templated market, is sought. No averment is made
that defendant had consigned the stock to Mad-
ison, over defendant's road and any other con-
necting therewith, and that owing to defendant's
negligence in carrying the stock over its road to
Dalton, delay in reaching Madison was occasioned,
and the damages thereby resulted; but the case
made in the pleadings is one which makes all
evidence of damages by reason of the failure to
arrive at Madison in reasonable time, or in any
time, wholly irrelevant. It was, therefore error. in
the Circuit Judge to admit, over defendant's ob-
jection, the evidence of plaintiff's witness, Henley,
that he had a contract for the sale of eighteen
of the mules at Madison, and his loss in conse-
quence of failure to reach there in time to fulfill
it. It was also error to allow. the evidence given
by same witness that the actual value of the
mules at Madison was $500 less than it was when
they left Sweetwater, and the charge of the Court,
that the jury, "if the evidence showed that the
mules were consigned to Madison, Ga., for the
market there, and by reason of the illegal delay
on the line of defendant they were rendered less
valuable to the plaintiff at Dalton, to fill contracts
at or for the market at Madison, might give
plaintiff damages to the extent of such injuries at
Dalton," was clearly erroneous, for the same reason
as was also the further charge that "it was com-
petent for the jury to look to the condition of

the mule market at Madison, *to outstanding contracts for the delivery of mules there,* if any are shown, in connection with all other evidence on the subject, in order to say how it is at Dalton, and to ascertain the damages, if any, to defendant at Dalton, at the time of the delivery of said mules."

Instead of saying this to the jury, the Court should have said, under the pleadings in this case, they could look alone to the market value of the stock at Dalton, and if there had been any delay in its delivery there, occasioned by the negligence or fault of defendant, they would ascertain its value at the time it should have been delivered and at the time it was delivered, and the depreciation, if there was any in this comparison, would be the measure of damages, and plaintiff would be entitled to recover the difference in the value of the stock at the time it was delivered and its value at the time it should have been delivered under the contract.

If it had then appeared that there was no market at Dalton, then such value might have been ascertained upon proof of the market value at other convenient points; but proof of value elsewhere would have been irrelevant, except upon such occasion, to establish value at Dalton; and even in that view, evidence of defendant's contract at Madison, as admitted, would have been incompetent.

The evidence must be confined to the case made in the pleading, and not addressed to the case

East Tennessee, Virginia & Georgia Railroad Company *v.* Hale.

which might have been made upon the contract and facts, upon a different state of pleading.

The Commission reported that there was no evidence to sustain the verdict. It is clear that the evidence did not justify a verdict for $500 for the depreciation occasioned by delay, or otherwise, between Cleveland and Dalton; but as the evidence was not confined to this point, under the rulings of the Circuit Judge, and as a new trial is to be had, we content ourselves to reverse for errors indicated, without expressing any opinion on the question as to whether there was any evidence offered, or which could have been offered, upon the facts shown, to justify a verdict for any amount.

The report of the Commission will not be confirmed, as in some other respects it is not satisfactory; but the judgment of the Circuit Court will be reversed, and the case remanded for a new trial.

The defendant in error will pay the cost of this Court.